FILED

APR 2 3 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLLUMBIA

Terry Newborn (Doing Business As: Capital )
    Publications, Inc. and Government )
    Publications, Inc.) )
1025 Connecticutt Ave., NW, Suite # 1012 )
Washington, D.C. 20036 )
)
    Plaintiff )
)
                       ) Case No:
    v.

Yahoo!, Inc.
701 First Avenue
Sunnyvale, California 94089

Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043 )
)
    Defendants. )
)

CASE NUMBER 1:04CV00659
JUDGE: Reggie B. Walton
DECK TYPE: TRO/Preliminary Injunction
DATE STAMP: 04/23/2004

JURY ACTION

## COMPLAINT

1.    Pursuant to 28 U.S.C. §§1331, 1332, and 1339, the United States District Court for the District of Columbia has jurisdiction over this matter.

2.    The Plaintiff is a resident of the District of Columbia.

3.    The Plaintiff is doing business as Government Publications Inc., and Capital Publications, Inc.

4.    Defendant Yahoo!, is a corporation that has its principal place of business in Sunnyvale, California.

5.    Defendant Google, is a corporation that has its principal place of business in Mountain View, California .

6.    Defendants Yahoo and Google are Internet Service Providers.

7. The parties in this suit are citizens of different states.

8. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court also has original jurisdiction of this matter as it involves violations of the Digital Millennium Copyright Act, a federal law.

10. The Plaintiff has his businesses' websites listed on Defendants' search engine.

11. Defendants have knowingly made available in commerce to others a quantitatively substantial part of the copyrighted information in Plaintiff's websites, knowing that it was without the authorization of the Plaintiff.

12. The Plaintiff generated, gathered, and has maintained the copyrighted material on his websites at substantial expenditure of financial resources and time.

13. The Defendants' unauthorized making available in commerce the use of Plaintiff's copyrighted materials on his websites has occurred in a time sensitive manner and inflicts injury to Plaintiff's businesses in that it has caused a disruption of sales and revenue.

14. The Defendants' unauthorized making available in commerce the use of Plaintiff's copyrighted material on his websites has allowed other parties to free ride on the efforts of the Plaintiff such that it has reduced the incentive and ability of the Plaintiff to produce the services in such a manner that its existence is substantially threatened.

15. The Plaintiff wrote both Defendants and notified them in and about July 2003.

16. Upon receipt of Plaintiff's written notice, Defendants initially attempted to rectify the violations.

17. Subsequently, however, after Defendants' initial attempts to rectify the violations, the Defendants have knowingly permitted other parties to violate Plaintiff's copyrighted material despite continuous written and verbal notices from Plaintiff to Defendants about such violations.

18. Plaintiff adopts by reference paragraphs one through seventeen and hereby states that as part of the above violation, Defendants have allowed other parties unauthorized use of capitalpublications and/or capitalpublications.com in their results listing description.

19. Defendants have allowed other parties unauthorized use of capitalpublications and/or capitalpublications.com as their webpage/s keyword or description meta tags.

20. Defendants have allowed other parties unauthorized use of capitalpublications and/or capitalpublications.com in their webaddresses or Universal Resource Locator (URL).

21. Defendants have allowed other parties unauthorized use of capitalpublications and/or capitalpublications.com as a member of their link listing/association.

22. Defendants have allowed other parties unauthorized use of Capital Publications copyrighted material for their website content.

23. Plaintiff adopts by reference paragraphs eighteen through twenty-two and hereby states that as part of the above violations, and as a result of the above violations, the unauthorized use of Plaintiff's website address has led members of the public who are attempting to access Plaintiff's website to pornographic materials, which

is thereby causing serious damage to Plaintiff in that Plaintiff is being linked and associated with these pornographic materials.

24. Defendants' violations of the Digital Millenium Act have substantially injured Plaintiff in that Plaintiff has suffered loss of revenue, increased costs of handling complaints from consumers who thought that they had made a purchase from Capital Publications, and increased costs of advertising.

25. Plaintiff's expenditures and losses as a result of Defendants' action have totalled approximately seven hundred thousand dollars ($700,000.00).

26. Plaintiff has provided Defendants with the names of sites in which the above violations have occurred and Defendants have failed to stop these violations.

27. Pursuant to paragraph 25, an injunction should be issued against Defendants to enjoin them from violating Plaintiff's copyrighted materials.

**WHEREFORE**, Plaintiff prays for the following relief:

1. that Plaintiff be entitled to recover actual damages in the amount of $700,000.00.

2. that Plaintiff be entitled to any profits of the Defendants that are attributable to the violations that are not taken into account in computing the actual damages sustained by the Plaintiff.

3. That Plaintiff be compensated additional damages of $1,400,000.00 which is two times the amount of the actual damages in accordance with the Digital Millenium Act.

4. That Plaintiff be awarded damages for ongoing violations of the Digital Millenium Act.

5. That Temporary and Permanent Injunctions be issued against Defendants to prohibit their violations of Plaintiff's copyrighted materials.

6. That the Plaintiff be awarded reasonable costs and attorney's fees.

7. That the Court award Plaintiff such other relief as the Court deems necessary.

*Terry Newborn*
Terry Newborn d/b/a Capital
Publications and Government
Publications
Plaintiff

## VERIFICATION

I, Terry Newborn, hereby verify that the contents of the above Complaint are true to the best of my knowledge.

Terry Newborn, Plaintiff

## JURY DEMAND

I, Terry Newborn, hereby demand a trial by a jury of twelve.

Terry Newborn, Plaintiff

D.C.

SUBSCRIBED AND SWORN TO before me this the ~~16~~ 20th day of April, 2004.

_[signature]_
Notary Public, Washington, D.C.

My Commission Expires:

My Commission Expires
July 14, 2007

Respectfully Submitted,

_[signature]_
William Wordsworth, Esq.  #442908
3016 Old Alexander Ferry Road
Clinton, MD 20735
301-856-2072

Counsel for Plaintiff