# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                          )
TERRY NEWBORN,                            )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )
                                          )        Civil Action No.  04-659 (RBW)
YAHOO!, INC., et al.,                     )
                                          )
            Defendants.                   )
_____ )

## MEMORANDUM OPINION

The plaintiff, Terry Newborn, brings this action against Yahoo!, Inc. and Google, Inc., for allegedly infringing upon his copyright and trademark rights in violation of the Copyright Act, 17 U.S.C. § 101 et seq. (2000), and the Lanham Act, 15 U.S.C. § 1114 et seq. (2005).[1]  Compl. ¶¶ 5-6, 10, 16, 26.  Currently before the Court is the Defendants' Motion to Dismiss the Amended Complaint ("Defs.' Mot.").[2]  For the reasons set forth below, the Court grants the defendants' motion.

---

[1]  The plaintiff alleges that this action is brought, in part, under title 15 of the United States Code, the Commerce and Trade Act.  Compl. ¶ 10.  However, the specific provisions of title 15 the plaintiff alleges are being violated are part of the Lanham Act, and the Court will refer to them accordingly.

[2]  The following papers have been submitted to the Court in connection with this motion: (1) Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss the Amended Complaint ("Defs.' Mem."); (2) the Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Pl.'s Opp'n"); and (3) the Defendants' Reply in Support of Their Motion to Dismiss the Amended Complaint with Prejudice ("Defs.' Reply").  In addition, the plaintiff has incorporated by reference the following pleadings:  (1) the Plaintiff's Opposition to Defendant Google, Inc.'s Motion to Dismiss the Complaint and (2) the Plaintiff's Opposition to Yahoo!, Inc.'s Motion to Dismiss the Complaint.

## I.   Background

The plaintiff, doing business as Government Publications, Inc., Capital Publications, Inc.,

and Capitol Publications, Inc., owns and operates a number of websites including,

capitalpublications.com and capitolpublications.com.  Compl. ¶¶ 3-4, 13.  According to the

plaintiff, these websites contain material that is protected under both the Copyright Act and the

Lanham Act.  Id. ¶ 13.  For example, the plaintiff notes that he has obtained a Certificate of

Registration from the United States Copyright Office for a document appearing on his websites

titled "Grants and Loans."  Id. ¶ 20.  And, he has filed an application with the Copyright Office

to register another document titled "Government Grants and Loans," which also appears on his

websites.  Id. ¶ 23.  The defendants, Yahoo! and Google, operate the yahoo.com and google.com

websites.  Defs.' Mem. at 3.  The defendants' websites are commonly referred to as search

engines, and are an indexing tool used to locate material available on the internet in response to

search terms provided by the user.  Id.  In essence, Yahoo! and Google "act as a type of electronic

library catalogue, giving users additional ways to navigate the Internet and find sites that may be

relevant to the user's interests."  Id.

According to the plaintiff, the defendants have violated the Copyright Act by "knowingly

[making] available in commerce to others a quantitatively substantial part of the copyrighted

information on [p]laintiff's websites, knowing that it was without the authorization of the

[p]laintiff."  Compl. ¶¶ 12, 16.  Moreover, the plaintiff notes that he has specifically placed the

defendants on notice of the allegedly infringing activity, and identified, in letters to the

defendants, the material that allegedly is protected under the Copyright Act.  Id. ¶¶ 17-19.

Specifically, these letters identify various press releases, which the plaintiff contends have been

infringed.  Defs.' Mem., Ex. A.  Nonetheless, despite the notices sent to the defendants, the

plaintiff asserts that the defendants have failed to properly restrain third parties from infringing

on the plaintiff's "copyrighted material."  Compl. ¶¶ 24-25.  In addition, the plaintiff contends

that the defendants have permitted third parties to use the plaintiff's "domain names" as those

third parties' webpage keywords, description meta tags, webaddresses, or Universal Resource

Locator ("URL") in violation of the Lanham Act.  Id. ¶¶ 4, 27-29.

Currently before the Court is the defendants' motion to dismiss pursuant to Federal Rules

of Civil Procedure 12(b)(1) and 12(b)(6).  Defs.' Mot. at 1.

## II.    Standards of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, which governs motions to

dismiss for lack of subject matter jurisdiction, "[t]he plaintiff bears the burden of persuasion to

establish subject matter jurisdiction by a preponderance of the evidence."  Pitney Bowes, Inc. v.

United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  In reviewing such a motion,

this Court must accept as true all the factual allegations contained in the complaint.  Leatherman

v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).

Additionally, in deciding a Rule 12(b)(1) motion, it is well-established in this Circuit that a court

is not limited to the allegations in the complaint, but may also consider material outside of the

pleadings in its effort to determine whether the court has jurisdiction in the case.  See EEOC v.

St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); Herbert v. Nat'l

Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C.

Cir. 1987); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 14 (D.D.C.

2001).

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Comm'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).   "[T]he complaint need only set forth 'a short and plain statement of the claim,' Fed. R. Civ. P. 8(a)(2), giving the defendant fair notice of the claim and the grounds upon which it rests." Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Conley, 355 U.S. at 47).  "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." Conley, 355 U.S. at 47-48.  While many well-plead complaints are conclusory, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  Kowal, 16 F.3d at 1276.  Moreover, in deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference into the complaint, and matters about which the Court may take judicial notice.  St. Francis Xavier Parochial Sch., 117 F.3d at 624-25 n.3.  A court may dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

### III.    Legal Analysis

**A.    Does the Plaintiff State a Claim Under the Copyright Act?**

The plaintiff contends that the "[d]efendants contributorily infringed on [the] [p]laintiff's

copyrighted material by their unauthroized making available in commerce the use of [the]

[p]laintiff's copyrighted material on his website."  Compl. ¶ 16.  The plaintiff does not claim that

the defendants directly infringed his rights under the Copyright Act, but rather, the plaintiff

postulates that the defendants are liable under a theory of "contributory copyright infringement."[3]

"One infringes contributorily by intentionally inducing or encouraging direct

infringement . . . . Although '[t]he Copyright Act does not expressly render anyone liable for

infringement committed by another,' the[] doctrine[] of secondary liability emerged from

common law principles and are well established in the law."  Metro-Goldwyn-Mayer Studios,

Inc. v. Grokster, Ltd., 545 U.S. _____, _____, 125 S.Ct. 2764, 2776 (2005) (internal citations

omitted).  In order to establish a claim of contributory copyright infringement, the plaintiff must

allege "(1) direct infringement by a third party; (2) knowledge by the defendant that third parties

were directly infringing; and (3) substantial participation by the defendant in the infringing

activities."  Fonovisa v. Napster, 2002 WL 398676, at *4 (N.D. Cal. 2002) (citing A & M

Records, Inc. v. Napster, 239 F.3d 1004, 1013 n.2, 1019 (9th Cir. 2001)); see Monotype Imaging,

Inc. v. Bitstream, Inc., 376 F. Supp. 2d 877, 883 (N.D. Ill. 2005); Arista Records, Inc. v.

MP3Board, Inc., 2002 WL 1997918 (S.D.N.Y. Aug. 29, 2002).  But, "[m]erely supplying the

---

[3]  Even if this Court could conclude that the plaintiff makes an allegation of direct infringement, such a claim could not survive the defendants' dismissal motion.  As the Fourth Circuit has held, an internet service provider "who owns an electronic facility that responds automatically to users' input is not a direct infringer." Costar Group, Inc. v LoopNet, Inc., 373 F.3d 544, 550 (4th Cir. 2004).

'means to accomplish an infringing activity' cannot give rise to the imposition of liability for contributory copyright infringement." Arista Records, 2002 WL 1997918, at *5 (quoting Sony Corp. of Am. v. Universal City Studios, 464 U.S. 417, 436 (1984)).

Thus, to establish a claim of contributory copyright infringement, a plaintiff must first demonstrate that the plaintiff's copyrights have been directly infringed by a third party. Monotype Imaging, Inc., 376 F. Supp. 2d at 884.  To assert a claim of direct copyright infringement, a plaintiff must establish "(1) which specific original works form the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright." Home & Nature, Inc. v. Sherman Specialty Co., 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004) (quoting Krasselt v. Joseph E. Seagram & Sons, 2002 WL 1997926, at *1 (S.D.N.Y. Aug. 28, 2002)) (internal quotation marks omitted); see Monotype Imaging, 376 F. Supp. 2d at 884.  The second-prong of the contributory copyright infringement analysis—the knowledge requirement—is satisfied "in those cases where a party has been notified of specific infringing uses of its technology and fails to act to prevent future such infringing uses, or willfully blinds itself to such infringing uses." Monotype Imaging, 376. F. Supp. 2d at 886 (citing In re Aimster Copyright Litig., 252 F. Supp. 2d 634, 650 (N.D. Ill. 2002, aff'd, 334 F.3d 643 (7th Cir. 2003)).  And to establish the third element of a contributory copyright infringement claim—that a defendant substantially participated in the infringing activity—a plaintiff must show "a relationship between the  . . . services provided by the [d]efendant[] and the alleged infringing activity as opposed to the mere operation of the website businesses." Perfect 10 v. Visa Int'l Sevices Ass'n, 2004 WL 1773349, at *4 (N.D. Cal. Aug. 5,

2004).

This standard of liability, as applied to internet service providers for copyright infringement, is limited by the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 (1999).[4]  The DMCA limits liability through several "safe harbor" provisions, which protect internet service providers from liability if the provider can show that it:  (1) "does not have actual knowledge that the material or an activity using the material on the system or network is infringing;" (2) "does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity;" and (3) "upon notification of claimed infringement . . . responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity." 17 U.S.C. § 512(c)(1).

Here, the plaintiff's claim of contributory copyright infringement cannot succeed.  As previously noted, to establish a claim of contributory copyright infringement, the plaintiff must allege a direct copyright infringement, which in turn requires the plaintiff to allege in his complaint what materials are being infringed and that the plaintiff owns the copyright for those materials.  Home & Nature, Inc. 322 F. Supp. 2d at 267.  Although Rule 8 requires only a short plain statement, this statement must be sufficient to provide the defendants notice of the claims alleged against them.  See Kingman Park Civic Ass'n, 348 F.3d at 1040.  The plaintiff's complaint fails to satisfy this basic requirement.   Rather than providing a short plain statement

---

[4]  "[T]he term 'service provider' means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received."  17 U.S.C. § 512(k)(1)(A).

of the basis of the claim, the complaint is riddled with vague, confusing, and contradictory statements making deciphering the basis for the plaintiff's Copyright Act claim a hopeless endeavor for the following reasons.

First, it is virtually impossible to determine what materials have allegedly been infringed. For example, throughout the plaintiff's complaint, he simply references "copyrighted material" that has been infringed.  Compl. ¶¶ 12-19.  While the plaintiff does note in his amended complaint that "[t]he title of Plaintiff's copyrighted material is 'Grants and Loans,'" and that this material has obtained a Certificate of Registration from the United States Copyright Office, and that he has filed an application with the Copyright Office for copyright registration of a document entitled "Government Grants and Loans," which the plaintiff claims is also being infringed, Compl. ¶¶ 20-21, these materials do not appear to form the basis of his claim.  Compl. ¶ 19; Pl.'s Opp'n at 3.  Rather, the plaintiff states that the material that was infringed was identified in the correspondence to the defendants.  Compl. ¶ 19; Pl.'s Opp'n at 3.  In any event, regardless of how the Court reads the plaintiff's complaint, it fails to state a claim upon which relief can be granted.

To the extent that the amended complaint can be read to allege infringement of items identified as "Grants and Loans" and "Government Grants and Loans," the claim must fail.  First, the allegations concerning these items are clearly contradictory to other statements in both the complaint and the plaintiff's pleadings submitted in opposition to the defendants' motion to dismiss, which state that this action arises from the infringement of press releases.  Thus, because these two items are not the subject of the press releases, any claims as to them must dismissed. See Bonham v. Orden, 1991 WL 229950, at *1 (D.D.C. Oct. 25, 1991) (noting that "[t]he

contradictory allegations in plaintiff's complaint render it patently frivolous.").  Moreover, as to

the "Government Grants and Loans" document, there being no current copyright for this

document, it cannot form the basis for a copyright infringement claim.  <u>Strategy Source, Inc. v.</u>

<u>Lee</u>, 233 F. Supp. 2d 1, 3 (D.D.C. 2002) (holding that "permitting an infringement lawsuit to go

forward in the absence of a registration certificate or denial of the same is in tension with the

language of . . . the Copyright Act.").[5]

        In addition, to the extent that the plaintiff relies on the correspondence to the defendants

to identify the infringed materials, his claim still fails.  Compl. ¶ 19; Pl.'s Opp'n at 3.  The

plaintiff fails to identify the material or materials to which he claims has been infringed, but

rather directs the defendants and this Court to various letters he sent to the defendants, which the

plaintiff posits clearly identify the referenced material.  Compl. ¶ 19; Pl.'s Opp'n at 3.  These

vague statements are simply insufficient to put the defendants on notice of the claims against

them.  <u>See, e.g.</u>, <u>Wade v. Washingotn Metro. Area Transit Auth.</u>, 2005 WL 1513137, *2 (D.D.C.

June 27, 2005).  Moreover, it is not the defendants' burden to wade through various

correspondence between the parties to determine which claims the plaintiff is asserting.  <u>Ranger</u>

<u>v. Tenent</u>, 274 F. Supp. 2d 1, 4 (D.D.C. 2003).  This is even more true here, where the plaintiff

concedes that some of the alleged infringing activity has stopped, compl. ¶ 24, and thus it is

unlikely that the plaintiff is asserting every allegation of infringement that was contained in an

---

        [5]  It is unclear why the plaintiff has even identified these items in his complaint, as they do not appear to
relate to any of his claims.  However, it is quite possible that the plaintiff assumed that if he owned the copyright for
one item, this Court would also have jurisdiction to hear his Copyright Act challenges regarding other items.  Pl.'s
Opp'n at 2. If this is his position, it is patently frivolous and deserves no discussion.  Nonetheless, the Court notes
that even if this Court were to conclude that these referenced materials form the basis of the plaintiff's contributory
copyright infringement claim, as noted later in this opinion, a claim based on these items would also fail because he
does not allege that the defendants substantially participated in the infringing activity.

earlier correspondence.

Nonetheless, even if this Court were to look to the various letters to determine what materials have been infringed, the plaintiff's Copyright Act claim must still be dismissed.   The correspondence between the plaintiff and the defendants appear to allege that various press releases, drafted by the plaintiff, are protected by the Copyright Act and have been infringed. Defs.' Mem., Ex. A.[6]  There are, however, simply no allegations that any press release has received a copyright registration number from the United States Copyright Office, thus entitling it to protection under the Copyright Act.  This is fatal to the plaintiff's claims.  As one district court has noted, a complaint properly identifies a document that is protected by a copyright by "listing the copyright registration numbers issued by the United States that correspond to each of its copyrighted [materials], annexing copies of the United States Certificates of Copyright Registrations, and stating that the defendant has infringed upon one of more of these copyrights." Home & Nature, Inc., 322 F. Supp. 2d at 266.  Here, the plaintiff has done none of the above, but rather has provided the defendants with only scant information to which they can evaluate the claims against them.  This is simply insufficient, and thus this Court must conclude that the plaintiff has failed to state a claim upon which relief can be granted.[7]

In addition to failing to sufficiently identify the materials which were infringed and

_____

[6]  In this case, the Court has reviewed the correspondence from the plaintiff to the defendant alleging infringement of copyrighted work.  This is permissible because the document was specifically referenced and incorporated into the complaint, even though it was not filed contemporaneously therewith.  See New York State Bar Ass'n v FTC, 276 F. Supp. 2d 110, 114 n.6 (D.D.C. 2003).  Moreover, the plaintiff does not challenge the authenticity of the letter.

[7]  The plaintiff places great weight on the fact that he allegedly notified the defendants of the alleged copyright infringements, and thus, the defendants are not entitled to the "safe harbor" provisions of the DMCA.  Pl.'s Opp'n at 3.  This Court need not address this position because, as noted above, the plaintiff has failed to even state a claim upon which relief can be granted.

failing to demonstrate that those materials are entitled to copyright protection, the plaintiff's complaint also fails to allege any facts to support a conclusion that the defendants substantially participated in the infringing activities. <u>Fonovisa v. Napster</u>, 2002 WL 398676, at *4. To establish this component of a copyright infringement claim, the plaintiff must show "a relationship between the . . . services provided by [the] [d]efendants and the alleged infringing activity as opposed to the mere operation of the website businesses." <u>Perfect 10</u>, 2004 WL 1773349, at *4. Here, the plaintiff's complaint contains only cryptic suggestions that the defendants substantially participated in the alleged infringing activities. Compl. ¶¶ 17 ("the [d]efendants were allowing others to use [the] [p]laintiff's copyrighted materials to be used without authorization"); ¶ 25 ("the [d]efendants have knowingly permitted other parties to violate [the] [p]laintiff's copyrighted material . . ."). Clearly, these brief, conclusory statements, which are accompanied by no factual support, are simply insufficient to state a claim of contributory copyright infringement. <u>Kowal</u>, 16 F.3d at 1276 (stating that the court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint"). Moreover, there is not even an allegation that the defendants' activities were anything more than "the mere operation of the website businesses." <u>Perfect 10</u>, 2004 WL 1773349, at *4. For all of the reasons set forth above, it is clear that the plaintiff has failed to state a cognizable claim under the Copyright Act.

**B.     Does the Plaintiff State a Claim under the Lanham Act?**

The plaintiff also alleges a violation of the Lanahm Act. Compl. ¶¶ 10, 26-32. "Under the Lanham Act, a trademark's owner is protected from use, imitation, or copy of the mark if such use is likely to cause consumer confusion." <u>Appleseed Found., Inc. v. Appleseed Inst., Inc.</u>,

981 F. Supp. 672, 674 (D.D.C. 1997) (citing 15 U.S.C. § 1114(1)).  A plaintiff alleging a

violation of the Lanham Act for trademark infringement must establish

> (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred "in commerce"; (4) that the defendant used the mark "in connection with the sale, offering for sale, distribution, or advertising" of goods and services; and (5) that the defendant used the mark in a manner likely to confuse customers.

Gov't Employees Ins. Co. v. Google, Inc., 330 F. Supp. 2d 700, 702  (E.D. Va. 2004) (quoting 15

U.S.C. §§ 1114, 1125(a)); see Sociedad Anonima Vina Santa Rita v. Dep't of Treasury, 193 F.

Supp. 2d 6, 19-20 (D.D.C. 2001); see also People for the Ethical Treatment of Animals v.

Doughney, 263 F.3d 359, 364 (4th Cir. 2001).

Here, the plaintiff contends that the defendants have infringed his trademarks, specifically

his domain names—capitalpublications.com and capitolpublications.com.  Compl. ¶ 26.  This

claim is wholly without merit.  The plaintiff makes no allegation that these domain names are

trademarks that have been registered with the United States Patent and Trademark Office, 15

U.S.C. §§ 1051 et seq.; rather, he asserts that the domain names are protected trademarks because

the domain names have been registered by a domain name registrar.  Pl.'s Opp'n at 4.  As

support for this proposition, the plaintiff relies on 15 U.S.C. § 1127.  This statute, however, is

inapposite as it merely provides the definition for "domain name" as used in the Lanham Act.

This statutory provision simply states:  "[t]he term 'domain name' means any alphanumeric

designation which is registered with or assigned by any domain name registrar, domain name

registry, or other domain name registration authority as part of an electronic address on the

Internet."  15 U.S.C. § 1127.  The provision provides no support for the plaintiff's claim that his

domain names are protected trademarks.  Rather, courts have noted that  "[a]nyone may register

any unused domain name upon payment of a fee.  Of course, this registration in no way trumps federal trademark law; registration of a mark or name with [Network Solutions, Inc.] does not itself confer any federal trademark rights on the registrant."[8]  <u>Washington Speakers Bureau, Inc. v. Leading Authorities, Inc.</u>, 33 F. Supp. 2d 488, 491 n.3 (E.D. Va. 1999).  Accordingly, the mere registration of a domain name with a domain name registrar, by itself, is simply insufficient to confer trademark protection under the Lanham Act.[9]

The Court also notes that it is unclear whether the plaintiff is alleging a direct trademark infringement action against the defendants or a contributory trademark infringement action. However, it does appear that because the plaintiff alleges that the defendants "have allowed <u>other parties</u> unauthorized use of Plaintiff's registered domain names," compl. ¶ 26 (emphasis added), that he is raising a contributory trademark infringement claim.  It is well-settled that "[l]iability for secondary trademark infringement is even narrower than that under copyright law."  <u>Perfect 10</u>, 2004 WL 1773349, at *6 (citing <u>Sony</u>, 464 U.S. at 439).  Thus, to be liable for contributory trademark infringement, the defendants must have "induce[d] a third party to infringe the plaintiff's mark . . . with actual knowledge that the product is being used to infringe the [mark]."

---

[8]  The Lanham Act "generally has been construed to protect against trademark, service mark, and trade name infringement even though the mark or name has not been federally registered."  <u>Perini Corp. v. Perini Constr., Inc.</u>, 915 F.2d 121, 124 (4th Cir. 1999).  If a mark is not registered, it is the plaintiff's burden to demonstrate that the mark warrants protection under the Lanham Act.  <u>Blind Veterans Ass'n v. Blind Am. Veterans Found.</u>, 872 F.2d 1035, 1041 (D.C. Cir. 1989).  Here, the plaintiff has made no attempt either through his complaint, or in the papers submitted to the Court in response to the defendants' dismissal motion, to assert that he is entitled to trademark protection for his unregistered domain names.

[9]  The plaintiff also claims violations under 15 U.S.C. §§ 1117 and 1125. There is no basis for either claim. First, 15 U.S.C. § 1117 is not a statute that confers substantive rights, rather, it provides a basis for recovery if an individual's trademark rights are violated.  In addition, 15 U.S.C. § 1125 contains a number of provisions under which a claim could be made.  However, the plaintiff has not designated which of these provisions provides the basis for his claims.  Clearly, such vague allegations are insufficient to satisfy Rule 8's pleadings requirements, and thus the plaintiff has failed to state a viable claim.  <u>See Pyne v. District of Columbia</u>, 298 F. Supp. 2d. 7, 12 (D.D.C. 2002) (dismissing claims because plaintiff failed to identify the specific statute her claims were based upon).

Id. (citing Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 983 (9th Cir. 1999).

Here again, besides the conclusory allegation that the defendants allowed unauthorized third

party use of the plaintiff's alleged trademark, there are simply no facts in the complaint to

support such an allegation.   Id.   This again demonstrates the insufficiency of the plaintiff's

complaint.

## IV.   Conclusion

For the reasons set forth above, it is clear that the plaintiff's complaint fails to state a

claim under either the Copyright Act or the Lanham Act.   Accordingly, the defendants are

entitled to dismissal of this action.[10]

**SO ORDERED** this day of 27th day of September, 2005.[11]

REGGIE B. WALTON
United States District Judge

---

[10]   The defendants seek dismissal of this action with prejudice.  Defs.' Mem. at 15.  Specifically, the
defendants opine that any amendments to pleadings would be futile, and thus this action should be dismissed with
prejudice.  Id.  The plaintiff has put forth no argument to the contrary.  Accordingly, this Court will treat this
argument as conceded by the plaintiff.  FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997); Stephenson v. Cox,
223 F. Supp. 2d 119, 121 (D.D.C. 2002).  Moreover, while "[t]his circuit requires trial courts to grant leave to amend
liberally, especially when a complaint is [subject to] dismiss[al] for pleading deficiencies," In re U.S. Office Prods.
Co. Sec. Litig., 251 F. Supp. 2d 77, 106 (D.D.C. 2003), no such request has been made here.  Accordingly, this case
shall be dismissed with prejudice.

[11]  An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

14