## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| TERRY NEWBORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:04CV00659 (RBW) |
| YAHOO! INC. and GOOGLE INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## <u>MEMORANDUM OPINION</u>

The plaintiff, Terry Newborn, brought this action against Yahoo! Inc. and Google Inc.

("the defendants") for copyright and trademark infringement in violation of the Copyright Act,

17 U.S.C. §§ 101 <u>et</u> <u>seq.</u> (2000), and the Lanham Act, 15 U.S.C. §§ 1117 <u>et</u> <u>seq.</u> (2000).[1]  This

Court granted the defendants' motion to dismiss the plaintiff's complaint for failure to state a

claim and dismissed the case with prejudice.  <u>Newborn v. Yahoo!, Inc.</u>, 391 F. Supp. 2d 181, 191

& n.10 (D.D.C. 2005).  Currently before the Court is the Defendants' Motion for Attorney's

Fees, Expenses, and Costs ("Defs.' Mot.") pursuant to the Copyright Act, the Lanham Act, and

---

[1] As discussed <u>infra</u>, the plaintiff's original complaint in this action solely stated a claim under the Digital Millennium Copyright Act, Pub. L. No. 105-304, 112 Stat. 2860 (1998).

28 U.S.C. § 1927 (2000).[2]  For the reasons set forth below, the defendants' motion is granted in part and denied in part.

## I.  Background

The facts and disposition of the merits in this case are discussed in this Court's prior Memorandum Opinion and will only be summarized here.  The plaintiff, Terry Newborn, doing business as Government Publications, Inc., Capital Publications, Inc., and Capitol Publications, Inc., owned and operated a number of websites, which, according to Newborn, contained material protected under the Copyright and Lanham Acts.  Id. at 184.  In April 2004, Newborn sued defendants Yahoo! and Google, which operate Internet search engine websites, initially alleging that the defendants had violated the Digital Millennium Copyright Act, Pub. L. No. 105-304, 112 Stat. 2860 (1998) ("DMCA"), by knowingly allowing third parties to infringe on Newborn's copyrighted material even after Newborn placed the defendants on notice of the allegedly infringing activity.[3]  Complaint ("Compl.") ¶¶ 9-23.  The defendants moved to dismiss Newborn's original complaint in the Summer of 2004.  Defendant Yahoo! Inc.'s Motion to Dismiss the Complaint; Defendant Google Inc.'s Motion to Dismiss the Complaint.  Newborn responded to both motions and then, three days after the defendants had filed their joint reply,

---

[2]  The following papers have been submitted to the Court in connection with the motion:  (1) the Defendants' Memorandum of Points and Authorities in Support of Their Motion for Attorney's Fees, Expenses, and Costs ("Defs.' Mem."); (2) the Declaration of Thomas P. Olson ("Olson Decl."); (3) the Plaintiff's Opposition to Defendants' Motion for Attorney's Fees, Expenses, and Costs ("Pl.'s Opp'n"); and (4) the Defendants' Reply to Plaintiff's Opposition to the Motion for Attorney's Fees, Expenses, and Costs ("Defs.' Reply").

[3]  Newborn generically alleged "violations of the Digital Millennium Copyright Act," Compl. ¶ 9, and it is therefore entirely unclear under which provision of the DMCA the original complaint was brought.  Nevertheless, because the DMCA amends Title 17 of the United States Code, see Pub. L. No. 105-304, 112 Stat. 2860, and because 17 U.S.C. § 505 gives the Court discretion to award attorney's fees for any actions commenced under Title 17, see 17 U.S.C. § 505 (providing for the award of reasonable attorney's fees "[i]n any civil action under this Title"), the Court will treat the defendants' motion for attorney's fees, expenses, and costs under 17 U.S.C. § 505 as encompassing Newborn's DMCA claim in his original complaint.

filed an amended complaint which rendered the motions to dismiss the original complaint moot.[4]
See Defs.' Mem. at 2.  This amended complaint omitted Newborn's DMCA claim and instead
alleged violations of the Copyright Act and the Lanham Act.[5]  See generally Amended Complaint
("Am. Compl.").  All of the claims alleged pursuant to the DCMA in Newborn's original
complaint were again asserted pursuant to the Copyright Act and, to a limited extent, the Lanham
Act in the amended complaint.[6]  Compare Compl. ¶¶ 10-23 with Am. Compl. ¶¶ 11-15, 17, 24-
29, 31.  The defendants then moved to dismiss the amended complaint, and this Court granted
their motion.  Newborn, 391 F. Supp. 2d at 184.

Noting that the plaintiff's complaint was "riddled with vague, confusing, and
contradictory statements making deciphering the basis for the plaintiff's Copyright Act claim a
hopeless endeavor," the Court concluded that Newborn failed to state a claim under the
Copyright Act.  Id. at 187.  Among other reasons, this Court cited the impossibility of
determining what materials had allegedly been infringed, id., and Newborn's failure to allege any

---

[4]  In their original motion to dismiss, the defendants argued, inter alia, that Newborn had not stated a claim
upon which relief could be granted because the DCMA "in relevant part, creates a limitation on liability, not a cause
of action," and therefore could not be violated by the defendants as Newborn had alleged.  See Defendant Yahoo!
Inc.'s Motion to Dismiss the Complaint at 1; Memorandum of Points and Authorities in Support of Defendant
Yahoo! Inc.'s Motion to Dismiss the Complaint ("Yahoo! Mem.") at 7-8.  The defendants identify 17 U.S.C. § 512,
which limits the liability of online service providers, as "the portion of the DMCA to which [Newborn] apparently
refers."  See Yahoo! Mem. at 7.  As the Court notes supra, however, the original complaint does not indicate which
section of the DMCA purportedly covered the violations alleged by Newborn.

[5]  In addition to restating Newborn's claims of copyright infringement, the amended complaint alleged that
the defendants permitted third parties to use his "domain names" as webpage keywords, description meta tags, and
web addresses in violation of the Lanham Act.  See Newborn, 391 F. Supp. 2d at 184.

[6]  The Court surmises that the wholesale substitution of the Copyright Act and Lanham Act for the DMCA
in the amended complaint was, as Newborn contends, an "attempt[] to cure or correct any possible flaws in the
Complaint."  Pl.'s Opp'n at 3.

facts to support a conclusion that the defendants substantially participated in any acts of infringement, id. at 189.

This Court similarly noted Newborn's failure to allege that his "domain names" were, in fact, trademarks that were protected under the Lanham Act. Id. at 190. This ruling was based on the finding that "besides the conclusory allegation that the defendants allowed unauthorized third party use of the plaintiff's alleged trademark, there are simply no facts in the complaint to support such an allegation." Id. at 191. This Court therefore dismissed Newborn's entire case with prejudice. Id. at 191 n.10.

The defendants now request that this Court award them attorney's fees, expenses, and costs resulting from this litigation. Defs.' Mot. at 1. The defendants seek a total award against the plaintiff of $92,671.96, which includes $89,803.00 in attorney's fees and $2,868.96 in expenses and costs.[7] Defs.' Mem. at 8. Specifically, the defendants seek $42,851.27 in fees, expenses, and costs associated with their first motion to dismiss, and $49,820.69 in fees, expenses, and costs associated with their second motion to dismiss. Defs.' Reply at 6. The defendants further request that plaintiff's counsel, pursuant to 28 U.S.C. § 1927, be held jointly liable for the fees, expenses, and costs associated with the second motion to dismiss—that is, $49,820.69 of the total award.[8] Defs.' Mem. at 8. As evidence that the amounts are reasonable,

---

[7] The defendants have waived their prior, unspecified request for additional fees and costs incurred in bringing the motion currently before the Court. Defs.' Reply at 6.

[8] In their reply brief, the defendants have presented an alternative, conditional request to the Court. Defs.' Reply at 5-6. Under this alternative, the defendants claim that they would accept an award against the plaintiff that was limited to fees and costs associated with the first motion to dismiss, as long as the Court held plaintiff's counsel personally liable under Section 1927 for fees, expenses, and costs associated with the second motion to dismiss. Id. According to the defendants, this alternative would comprise a $42,851.27 award against the plaintiff and a $49,820.69 award against plaintiff's counsel. Id. Because the court declines to award fees under Section 1927, the

(continued...)

the defendants have submitted the Declaration of Thomas P. Olson, one of their attorneys.  Olson

Declaration ("Olson Decl.").  The declaration details the hourly rates, time expended, and

specific work accomplished in the course of litigating the two motions to dismiss and their

associated costs.[9]  Olson Decl. ¶¶ 5-9, Ex. A-C.

## II.  Legal Analysis

As noted above, the defendants seek attorney's fees, expenses and costs under the

Copyright Act, the Lanham Act, and 28 U.S.C. § 1927.  Each statute's applicability will be

addressed in turn.

**(A) The Copyright Act**

The relevant portion of the Copyright Act provides the following:

> In any civil action under this title, the court in its discretion may allow the
> recovery of full costs by or against any party other than the United States or an
> officer thereof.  Except as otherwise provided by this title, the court may also
> award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.  The Supreme Court has held that Section 505 does not provide for automatic

recovery of attorney's fees by the prevailing party.  Fogerty v. Fantasy, Inc., 510 U.S. 517, 534

(1994).  Rather, attorney's fees are to be awarded "only as a matter of the court's discretion."  Id.

In deciding whether to award attorney's fees, courts may consider factors such as "frivolousness,

motivation, objective unreasonableness (both in the factual and legal components of the case)

---

[8](...continued)
Court will not consider this alternative request.

[9]  In his declaration, Olson further represents that the $89,803.00 total is, "out of an abundance of caution . .
. , $10,000 less than the actual fees incurred by the defendants."  Olson Decl. ¶ 7 (emphasis in original); see also
Defs.' Mem. at 7.

and the need in particular circumstances to advance considerations of compensation and

deterrence." Id. at 534 n.19 (citations omitted).

The defendants argue that they are entitled to an award of reasonable attorney's fees and

costs under Section 505 because the plaintiff's Copyright Act claim was "objectively without

merit" and "frivolous." Defs.' Mem. at 4. In support of this argument, the defendants note that

the plaintiff had "failed to allege any of the requisite elements of a copyright infringement

claim." Id. The plaintiff, on the other hand, opposes the attorney's fees request and argues that

he "made numerous attempts to resolve this matter outside of the Court," he "reasonably believed

that he had met the requirement" for filing a Copyright Act claim, and he filed the action in

"good faith." Pl.'s Opp'n at 1-3. For the reasons that follow, this Court rejects the plaintiff's

arguments and concludes that the defendants are entitled to reasonable attorney's fees and costs

pursuant to 17 U.S.C. § 505.

This Court's prior opinion provides ample support for its discretionary decision to award

reasonable attorney's fees and costs to the defendants under Section 505. For example, as this

Court noted about the plaintiff's amended complaint, "[r]ather than providing a short plain

statement of the basis of the claim, the complaint is riddled with vague, confusing, and

contradictory statements making deciphering the basis for the plaintiff's Copyright Act claim a

hopeless endeavor." Newborn, 391 F. Supp. 2d at 187. The Court then went on to identify the

specific reasons why the plaintiff's complaint failed to state a claim upon which relief could be

granted under the Copyright Act. See id. at 187-89. First, the Court addressed the plaintiff's

failure to allege any direct copyright infringement and then discussed his failure to alternatively

demonstrate "contributory copyright infringement" by the defendants. Id. A brief review of the

6

Court's analysis demonstrates the frivolous and objectively unreasonable nature of the plaintiff's amended complaint.

The Court noted several ways in which the plaintiff failed to state a claim of direct copyright infringement.  First, it was "virtually impossible to determine what materials ha[d] allegedly been infringed."  Id. at 187.  Second, to the extent the plaintiff's complaint alleged infringement of certain items, the allegations were "clearly contradictory to other statements in both the complaint and the plaintiff's [other] pleadings."  Id.[10]  Third, the Court rejected the plaintiff's reliance on his correspondence with the defendants as having been sufficient to identify the allegedly infringed materials, noting that the plaintiff's "vague statements [were] simply insufficient to put the defendants on notice of the claims against them" and that "it is not the defendants' burden to wade through various correspondence between the parties to determine which claims the plaintiff is asserting."  Id. at 188.  Fourth, even assuming that the plaintiff's reliance on his correspondence with the defendants was somehow valid, the Court concluded that there were "simply no allegations" that the documents allegedly protected under the Copyright Act were even copyrighted.  Id.  This, according to the Court, was "fatal to the plaintiff's claims."  Id.

The Court then went on to note that "the plaintiff's complaint also fails to allege any facts to support a conclusion that the defendants substantially participated in the infringing activities."  Id. at 189.  The Court described the complaint as containing only "cryptic suggestions" and

---

[10]  Extending this argument that conceivably had been raised by the plaintiff, the Court suggested it was "quite possible that the plaintiff assumed that if he owned the copyright for one item, this Court would also have jurisdiction to hear his Copyright Act challenges regarding other items."  Newborn, 391 F. Supp. 2d at 188 n.5.  However, the Court concluded that if this was the plaintiff's position, it was "patently frivolous."  Id.

"brief, conclusory statements, which are accompanied by no factual support." <u>Id.</u>  For this and

the above reasons, the Court ultimately determined that the plaintiff "failed to state a cognizable

claim under the Copyright Act." <u>Id.</u>

      As described above, this Court's assessment of the plaintiff's complaint reveals numerous

factual and legal deficiencies concerning the essential elements of his Copyright Act claim.

These deficiencies show that the plaintiff's complaint was both frivolous and objectively

unreasonable and, therefore, that an award of reasonable attorney's fees and costs to the

defendants is appropriate under 17 U.S.C. § 505.  <u>See</u> <u>Fogerty</u>, 510 U.S. at 534 n.19.  While the

plaintiff contends that his complaint was not frivolous or objectively unreasonable and that he

initiated this action in good faith, his arguments are refuted by the deficiencies identified in this

Court's prior opinion.  Pl.'s Opp'n at 1-3; <u>Newborn</u>, 391 F.Supp 2d at 187-89.  Therefore, the

Court concludes that an award of reasonable attorney's fees and costs is appropriate under the

Copyright Act.

      Although the Court's decision to award reasonable attorney's fees and costs is the product

of its own discretion, it comports with the decisions of other members of this and other courts.

<u>See, e.g.</u>, <u>Pannonia Farms, Inc. v. Re/Max Int'l, Inc.</u>, 407 F. Supp. 2d 41, 46 (D.D.C. 2005)

(awarding attorney's fees to defendant when plaintiff's Copyright Act claim was collaterally

estopped and thus "objectively unreasonable"); <u>Harrison Music Corp. v. Tesfaye</u>, 293 F. Supp.

2d 80, 84 (D.D.C. 2003) (awarding attorney's fees to plaintiff when defendant "deliberately

refused to comply with copyright laws"); <u>Whitehead v. Paramount Pictures Corp.</u>, 53 F. Supp 2d

38, 54 (D.D.C. 1999) (awarding attorney's fees to defendant when the case was "patently

frivolous" and plaintiff's claims were "objectively unreasonable"); <u>Roeslin, III v. Dist. of</u>

Columbia, 921 F. Supp. 793, 800 (D.D.C. 1995) (denying attorney's fees to plaintiff when there was "a genuine dispute as to whether plaintiff or defendant was the owner of the copyright"); see also Budget Cinema, Inc. v. Watertown Assocs., 81 F. 3d 729, 732 (7th Cir. 1996) (reversing denial of attorney's fees to defendant when plaintiff's claim was "objectively unreasonable" given plaintiff's lack of ownership of copyright at issue); Diamond Star Bldg. Corp. v. Sussex Co. Builders, 30 F.3d 503, 506 (4th Cir. 1994) ("[W]hen a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion.")

**(B) The Lanham Act**

The defendants next argue that they are entitled to attorney's fees as the prevailing party pursuant to the Lanham Act, 15 U.S.C. § 1117(a). Defs.' Mem. at 3-4. This statute provides, in relevant part, that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). As the language of the statute indicates, an award of attorney's fees under the Lanham Act is within the district court's discretion. See, e.g., Boney, Inc. v. Boney Servs., Inc., 127 F.3d 821, 825 (9th Cir. 1997). Congress and the federal appellate courts have provided minimal guidance as to what constitutes an "exceptional" case under this statute. See, e.g., Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest., 771 F.2d 521 (D.C. Cir. 1985); Boney, 127 F.3d at 825-26 (noting that "[t]he Lanham Act nowhere defines what makes a case 'exceptional'"). In Noxell, however, the District of Columbia Circuit did provide the following guidance:

> Congress did not essay in the Lanham Act's text or related commentary precise definition of cases qualifying as "exceptional" for fee award purposes. The barely two pages of legislative history in point indicate, with respect to

> recovery of fees by defendants, a concern to discourage suits designed to harass.
> Furthermore, we think it fair to assume that Congress did not intend rigidly to
> limit recovery of fees by a defendant to the rare case in which a court finds that
> the plaintiff "acted in bad faith, vexatiously, wantonly, or for oppressive reasons";
> that exception to the "American rule," the Supreme Court has clarified, is always
> available unless Congress expressly forbids its operation.  Something less than
> "bad faith," we believe, suffices to mark a case as "exceptional."
>
> * * *
>
> [W]e think "exceptional," as Congress used the word in . . . the Lanham
> Act, is most reasonably read to mean what the word is generally understood to
> indicate—uncommon, not run-of-the-mine.

Noxell Corp., 771 F.2d at 526 (attorney's fees awarded to defendant) (internal citations and

quotation marks omitted).  The Circuit later amplified this definition, holding that "exceptional"

cases are those "involving willful or bad-faith conduct."  ALPO Petfoods, Inc. v. Ralston Purina

Co., 913 F.2d 958, 961 (D.C. Cir. 1990) (citations omitted).

The defendants argue that it is "plainly unreasonable for a party to pursue a cause of

action for trademark infringement where that party holds no protected trademarks and fails even

to allege any facts suggesting wrongful use of those purported trademarks."  Defs.' Mem. at 5.

The plaintiff, on the other hand, argues that bringing his case was not unreasonable because he

"reasonably believed at the time of filing [the] action that his registered domain names were

protected under Title 15."  Pl.'s Opp'n at 3.  While the Court recognizes that the plaintiff's

trademark infringement claim contains factual and legal deficiencies similar to those of the

plaintiff's copyright claim, for the following reasons the Court concludes that this is not an

"exceptional" case under the relevant statute, and thus chooses not to award attorney's fees under

the Lanham Act.

This Court previously ruled that the plaintiff's trademark infringement claim was "wholly

without merit," relied on inapposite statutes, and contained "vague allegations."  Newborn, 391

F. Supp 2d at 190, 190 n.9.  The Court further concluded that "besides the conclusory allegation

that the defendants allowed unauthorized third party use of the plaintiff's alleged trademark,

there are simply no facts in the complaint to support such an allegation."  <u>Id.</u> at 191.

Nonetheless, there is no evidence that the original or amended complaints, though deficient in

many respects, were "designed to harass" the defendants.  <u>See</u> <u>Noxell</u>, 771 F.2d at 526.  Nor is

there evidence that Newborn acted "wilfully or in bad faith" such that Yahoo! and Google are

entitled to attorney's fees under Section 1117(a).  <u>See</u> <u>ALPO Petfoods</u>, 913 F.2d at 971.

       In <u>Noxell</u>, the Circuit Court concluded that an award of attorney's fees to the defendants

was appropriate under the Lanham Act in a situation where the plaintiff brought a trademark

infringement action in the District of Columbia against a two-facility, California-based restaurant

business and its sole proprietor, a California resident.  771 F.2d at 526-27.  The Court found it

"altogether 'exceptional' . . . for [the plaintiff] to launch litigation against [the defendants] at a

place far removed from California when a Supreme Court decision precisely [on] point plainly

declared the impropriety of that course."  <u>Id.</u> at 527 (citations omitted).  The Court perceived

"more than a hint of economic coercion in [the plaintiff]'s choice of a distant forum and its mode

of proceeding" and observed that "litigating in the District of Columbia entailed not merely

inconvenience but hardship for [the defendants]."  <u>Id.</u> at 526-27 (internal quotation marks and

citation omitted).  Accordingly, the <u>Noxell</u> Court stated that it was "fully satisfied that [the

plaintiff] brought to the District of Columbia an 'exceptional' case."  <u>Id.</u> at 527.

       It is clear that the plaintiff's conduct in this case does not rise to the level of what the

Court in <u>Noxell</u> found to be "altogether exceptional, indeed . . . remarkable" conduct.  <u>Id.</u> at 527

(internal quotation marks and citation omitted).  The defendants have made no showing that the

plaintiff was motivated by willfulness or bad faith in bringing the underlying action.  See ALPO

Petfoods, 913 F.2d at 971 (reversing lower court's award of attorney's fees under the Lanham

Act where the court made no finding that the case involved "willful or bad-faith conduct"); see

also Boney, 127 F.3d at 827 (declining to award attorney's fees under the Lanham Act where the

defendants "failed to demonstrate that the case is exceptional in any respect other than the degree

of animosity among the [parties]").[11]  Unlike the defendants in Noxell, it does not appear that

Yahoo! and Google have suffered especial hardship in defending against Newborn's Lanham Act

claim, nor does the Court find that Newborn brought his suit with the intention of harassing the

defendants.  See Noxell, 771 F.2d at 526 n.2 ("On the defendants' side, . . . the fear is litigation

conduct – suits imposing hardship brought to harass, whether descending to the rock bottom rung

of 'bad faith' or not") (emphasis omitted).  Therefore, this Court, acting with the discretion called

for by the Lanham Act, declines to award attorney's fees to the defendants for litigation related to

the plaintiff's trademark infringement claim.

**(C) 28 U.S.C. § 1927**

The defendants next argue that this Court should order the plaintiff's counsel to

personally reimburse the defendants for their attorney's fees and costs incurred in preparing and

litigating the Motion to Dismiss the Amended Complaint pursuant to 28 U.S.C. § 1927.  Defs.'

---

[11]  The defendants cite only this case, Boney, 127 F.3d 821, as support for their argument for attorney's fees and costs under the Lanham Act.  Defs. Mem. at 4-5.  In Boney, however, the Ninth Circuit affirmed a district court's decision denying attorney's fees to a defendant under the Lanham Act.  Boney, 127 F.3d at 825-827. Moreover, Boney provides support for this Court's decision to award fees and costs under the Copyright Act while declining to award fees or costs under the Lanham Act.  Specifically, the case suggests that the Lanham Act imposes a higher standard than the Copyright Act for the award of attorneys fees.  Id. at 826-27.  Attempting to determine the appropriate standard to apply under the Lanham Act, the Ninth Circuit considered the Supreme Court's analysis of the Copyright Act in Fogerty.  Id.  The court concluded that "[t]he applicable standard, however, depends on the applicable statute.  Section 505 of the Copyright Act, at issue in Fogerty, simply authorizes fee awards to the prevailing party.  Section [1117(a)] of the Lanham Act, on the other hand, requires exceptional circumstances."  Id.

Mem at 5-7; Defs.' Reply at 4-5.  They do not seek double reimbursement for fees and costs

associated with the Motion to Dismiss the Amended Complaint; rather, they request that this

Court hold the plaintiff's counsel jointly responsible for the fees and costs associated with that

motion.  Defs.' Mem. at 5 n.2.[12]

      28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases

in any court of the United States or any Territory thereof who so multiplies the proceedings in

any case <u>unreasonably and vexatiously</u> may be required by the court to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28

U.S.C. § 1927 (emphasis added).  The decision to award attorney's fees under Section 1927 is

committed to this Court's discretion.  <u>See, e.g.</u>, <u>Thomas v. Capital Sec. Servs.</u>, 812 F.2d 984, 990

(5th Cir. 1987).  As the defendants point out, it is somewhat unsettled in this Circuit "whether the

standard for imposition of sanctions under 18 U.S.C. § 1927 should be 'recklessness' or the more

stringent 'bad faith.'"  <u>LaPrade v. Kidder Peabody & Co.</u>, 146 F.3d 899, 905 (D.C. Cir. 1998)

(citing <u>United States v. Wallace</u>, 964 F.2d 1214, 1218-19 (D.C. Cir. 1992)).  Nonetheless, under

either standard, this Court concludes that sanctions are not appropriate.  <u>See Wallace</u>, 964 F.2d at

1219 (finding no need to resolve the question of what standard to apply under Section 1927 when

attorney's behavior did not reach even the lowest of the possible thresholds).

      Under the less stringent standard of "recklessness,"courts may impose sanctions for an

attorney's "deliberate action in the face of a known risk, the likelihood or impact of which the

---

[12]  As mentioned <u>supra</u>, the defendants alternatively request that the Court hold plaintiff's counsel
exclusively liable for the costs and fees associated with the second motion while holding the plaintiff liable for the
costs and fees associated with the first motion.  Because the Court declines to award attorney's fees based on the
defendants' 28 U.S.C. § 1927 argument, the Court does not reach the issue of this suggested apportionment of
liability.

actor inexcusably underestimates or ignores." <u>Wallace</u>, 964 F.2d at 1220.  Arguing that the

conduct of the plaintiff's counsel meets this standard, the defendants rely primarily on the fact

that the plaintiff amended his complaint three days after the defendants' initial motions to

dismiss had become ripe for disposition.  Defs. Mem. at 5-7.  The defendants also note that

plaintiff's counsel failed to meet two filing deadlines.  <u>Id.</u> at 7 n.4.  The plaintiff's counsel, on the

other hand, claims that the amended complaint was an attempt "to cure or correct any possible

flaws in [the plaintiff's] Complaint."  Pl.'s Opp'n at 3.

      From the <u>LaPrade</u> and <u>Wallace</u> decisions, it is clear that the defendants' Section 1927

request should be denied.  In <u>LaPrade</u>, the Court affirmed an imposition of Section 1927

sanctions against a plaintiff's counsel.  <u>LaPrade</u>, 146 F.3d at 904-907.  There, however, the

plaintiff's counsel had sought and obtained an <u>ex parte</u> order in state court staying arbitration,

without advising the state court that a former member of this Court has already stayed the

plaintiff's action against her former employer pending arbitration.  <u>Id.</u> at 900, 905-06.  Moreover,

LaPrade's counsel sought the state court's intervention four and one-half years after the suit filed

in this Court had been stayed, and the day before arbitration hearings were to resume after a

seventeen-month of delay.  <u>Id.</u>  The conduct of the plaintiff's attorney here—amending the

original complaint after a motion to dismiss had been briefed and missing two filing

deadlines—hardly compares to the attorney's conduct in <u>LaPrade</u>.

      On the other hand, in <u>Wallace</u>, the Circuit Court reversed an imposition of Section 1927

sanctions against a criminal defense attorney who caused the start of a trial to be delayed by

failing to subpoena defense witnesses.  <u>Wallace</u>, 964 F.2d at 1215-17, 1219-21.  The Court

concluded that although the attorney's conduct was "certainly negligent and careless," there was

"no contention or finding that [the attorney] intended to delay the trial or to not subpoena the witnesses for the trial." Id. at 1219-20.  Similarly, here, while it may be appropriate to characterize the plaintiff's attorney's failure to properly plead the claims he was advancing on behalf of his client and to meet several filing deadlines as "negligent and careless," there is no evidence in the record that these failures were "deliberate action in the face of a known risk, the likelihood or impact of which the [attorney] inexcusably underestimate[d] or ignore[d]." Wallace, 964 F.2d at 1220.  Thus, this Court declines to impose sanctions against the plaintiff's attorney under 28 U.S.C. § 1927.[13]

**(D)   The Amount of Fees Awarded**

Having concluded that the defendants should be awarded reasonable attorneys fees and costs pursuant to the Copyright Act, the Court must now determine the proper amount of the award.  Given that the Court has decided to award fees and costs under the Copyright Act, but has denied any award under the Lanham Act, the first question to address is whether the defendants are entitled to fees associated with the litigation of both claims, or whether the award should be reduced to reflect only the work performed in litigating the Copyright Act claim.  For the following reasons, the Court concludes that the defendants are only entitled to fees associated with the Copyright Act claim.[14]

---

[13]   While LaPrade and Wallace provide guidance to the Court in its application of 28 U.S.C. § 1927, it is worth noting that the Court's decision is easily supported independently by the plain meaning of the statute.  For sanctions to apply, the statute requires an attorney's conduct to "multipl[y] the proceedings . . . unreasonably and vexatiously."  28 U.S.C. § 1927 (emphasis added).  "Vexatious" conduct, especially, is not hard to spot.  Vexatious is defined as "without reasonable or probable cause or excuse; harassing; annoying."  Black's Law Dictionary 1559 (7th ed. 1999).  Here, the defendants have not demonstrated, and the Court cannot conclude, that the conduct of the plaintiff's attorney meets this description.

[14]   It appears clear that if the Court had decided to award fees under the Lanham Act and denied them under

(continued...)

The Copyright Act authorizes the Court, in its discretion, to "award a <u>reasonable</u> attorney's fee to the prevailing party."  17 U.S.C. § 505 (emphasis added).  As already discussed, the Lanham Act standard for attorney's fees is much more exacting than the standard under the Copyright Act.  <u>See</u>, <u>e.g.</u>, <u>Nat'l Ass'n of Prof'l Baseball Leagues v. Very Minor Leagues, Inc.</u>, 223 F.3d 1143, 1148 (10th Cir. 2000) (observing that the Copyright Act does not contain "the further significant limitation found in the Lanham Act that the award [of fees] be limited to exceptional cases") (internal quotation marks and citation omitted); <u>Boney</u>, 127 F.3d at 826-27 (comparing the applicable standards and noting that the Lanham Act, unlike the Copyright Act, "requires exceptional circumstances").  It therefore would be illogical to award fees and costs to the defendants for efforts expended defending against the plaintiff's Lanham Act claim when the Court has already concluded, <u>supra</u>, that there are no "exceptional circumstances" sufficient to merit an award of attorney's fees and costs under the Lanham Act itself.  15 U.S.C. § 1117(a)(3). <u>See</u> <u>Pannonia Farms, Inc.</u>, 407 F. Supp. 2d at 45-46 (awarding attorney's fees only for work on Copyright Act claim where it had been declared by another federal court before the work was performed that the Lanham Act claim was without merit).

Moreover, the defendants do not cite, and this Court cannot find, any case holding that where a party prevails on a claim for attorney's fees under the Copyright Act but fails to meet the

_____

(...continued)
the Copyright Act, the defendants would only be entitled to compensation for work performed in connection with the Lanham Act claim.  <u>See</u>, <u>e.g.</u>, <u>U.S. Structures, Inc. v. J.P. Structures, Inc.</u>, 130 F.3d 1185, 1193 (6th Cir. 1997) (holding that "under 15 U.S.C. § 1117(a), attorney['s] fees are recoverable only for work performed in connection with claims filed under the Lanham Act"); <u>cf.</u> <u>Gracie v. Gracie</u>, 217 F.3d 1060, 1069 (9th Cir. 2000) (concluding that "[i]n an award of reasonable attorneys' fees pursuant to the Lanham Act, a party cannot recover legal fees incurred in litigating non-Lanham Act claims unless the Lanham Act claims and non-Lanham Act claims are so intertwined that it is impossible to differentiate between work done on claims") (internal quotation marks, emphases, and citation omitted).

16

more restrictive attorney's fees standard of the Lanham Act, the party is nevertheless entitled to fees associated with their defense of the Lanham Act claim.[15]  To the contrary, multiple other Circuits have suggested that it is appropriate, when granting attorney's fees under the Copyright Act and denying attorney's fees under the Lanham Act, to "separately determine the amount of fees attributable to copyright and trademark claims" and award fees only for work performed in defense of the Copyright Act claim.  Invision Media Servs., Inc. v. Lerner, Nos. 04-16206, 04-16533, 2006 WL 984751, *2 (9th Cir. Apr. 13, 2006); see also Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1383 (2d Cir. 1993) (stating that if the district court awards attorney's fees under the Copyright Act but not the Lanham Act, "an appropriate apportionment of fees will be required"); cf. Pinkham v. Camex, Inc. 84 F.3d 292, 294 (8th Cir. 1996) (holding that the district court properly awarded attorney's fees under 17 U.S.C. § 505 equal to ninety percent of the billed hours, where ten percent of the attorneys' time was dedicated solely to non-copyright

---

[15]  The Supreme Court, in Hensley v. Eckerhart, 461 U.S. 424 (1983), held that a successful plaintiff in a civil rights action could recover attorney's fees for time expended working on all claims "[w]here a lawsuit consists of related claims . . . [even if] the district court did not adopt each contention raised."  461 U.S. at 440; see Thomas v. Nat'l Football League Players Ass'n, 273 F.3d 1124, 1128 (D.C. Cir. 2001) (quoting Hensley); see also Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 834 (9th Cir. 2003) (stating that "[i]f the copyright and non-copyright claims are not related, the defendants can only recover fees attributable to the copyright claims").  Hensley, however, concerned the ability of a plaintiff to recover attorney's fees for all civil rights claims on which he or she could reasonably be perceived to be the prevailing party.  See Hensley, 461 U.S. at 435 (stating that where a "plaintiff's claims for relief . . . involve a common core of facts or [are] based on related legal theories . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation"); cf. Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997) ("It is well-established law that a party entitled to attorney's fees as a prevailing party on a particular claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any related claims.") (citing Hensley, 461 U.S. at 434-35) (internal quotation marks omitted).  Neither Hensley nor any of the cases interpreting it addressed circumstances where, as here, an award of attorney's fees is appropriate under one standard yet inappropriate under another, more stringent standard.  Accordingly, the Court need not determine whether Newborn's Lanham Act claim is sufficiently related to his Copyright Act claim, as the applicable law in this case—and, specifically, the differing standards for attorney's fees with which the Court is presented—is materially different from that in Hensley.

claim).  Accordingly, the Court concludes that the defendants should not be awarded attorney's fees for any work solely devoted to defending against the Lanham Act claim.

In light of this conclusion, the Court must now determine, if possible, how much of the requested $89,803.00 in attorney's fees and costs represents a reasonable award for the time expended in defense of Newborn's Copyright Act claim.  As one member of this Court recently explained, "[a]ttorney's fees are calculated based on number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate."  Harrison Music Corp., 293 F. Supp. 2d at 85 (awarding attorney's fees under the Copyright Act) (citations omitted).  As an initial matter, the Court notes that because Newborn's original complaint was based solely on alleged violations of the DMCA, the defendants' first motion to dismiss necessarily focused only on litigating Newborn's claims for alleged copyright infringement.  Accordingly, the Court is inclined to consider reimbursing the defendants for all work performed by the defendants' counsel in connection with the first motion to dismiss.  See Defs.' Mem., Exs. A-C.  As for the motion to dismiss Newborn's amended complaint, however, the Court observes that even the defendants' most detailed submission does not fully identify which portions of the requested $48,746.50 award of attorney's fees and costs represent work related to the Copyright Act claim and not to the Lanham Act claim.  See Defs.' Mem., Ex. B at 10-13.  Thus, "[t]o assist the [C]ourt in determining the specific amount of fees and costs to which the [defendants are] entitled . . . , [the defendants'] counsel shall provide a detailed accounting separating hours worked and costs incurred" in litigating the Copyright Act claim in connection with the second motion to dismiss from "hours worked and costs incurred" in litigating the Lanham Act claim. Dougherty v. Barry, 820 F. Supp. 20, 26-27 (D.D.C. 1993).  After receiving the defendants'

18

submission and the plaintiff's response thereto, the Court will award reasonable attorney's fees to the defendants in accordance with factors such as the "novelty and difficulty of the question, the customary fee, the experience, reputation and ability of the lawyers, [the] amount involved and the results obtained, and awards in similar cases." <u>Harrison Music Corp.</u>, 293 F. Supp. 2d at 85 (citing <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-20 (5th Cir. 1974)). However, because Newborn's amended complaint asserted substantially identical copyright infringement claims as his original complaint, <u>see</u> <u>supra</u>, the Court will view with skepticism any accounting of hours worked and costs incurred in connection with the second motion to dismiss that attributes an inordinate amount of time to researching and responding to Newborn's claims under the Copyright Act. <u>See</u> <u>Harrison Music Corp.</u> at 86 (reducing award when attorneys put in more time than appeared reasonably necessary to address a straightforward case).

### III.    Conclusion

For the reasons set forth above, the Court grants the defendants' motion for attorney's fees, expenses, and costs under 17 U.S.C. § 505 and denies the defendants' motion under 15 U.S.C. § 1117 and 28 U.S.C. § 1927.  The Court further directs the defendants to submit, by May 31, 2006, a detailed accounting of the time expended and costs incurred in litigating against the plaintiff's Copyright Act claim in connection with the second motion to dismiss.  Any response by the plaintiff to the defendants' submission shall be filed by June 14, 2006, and the defendants' reply, if any, shall be filed by June 21, 2006.  The Court will then enter an award for attorney's fees and costs consistent with what has been indicated in this opinion.

SO ORDERED, this 23rd day of May, 2006.[16]

REGGIE B. WALTON
United States District Court Judge

---

[16]   An order consistent with the Court's ruling accompanies this Memorandum Opinion.